El Pueblo de Puerto Rico, demandante y apelado, *v.* Angel Rodríguez, acusado y apelante.

No. 2433.—*Visto:* Abril 28, 1925. *Resuelto:* Julio 10, 1925.

1. DERECHO PENAL—FECHA DEL JUICIO Y SUSPENSIÓN DE ÉSTE—MOCIÓN DE SUSPENSIÓN—PROBABLE EXISTENCIA DE OTROS TESTIGOS QUE LOS PROPUESTOS POR EL ACUSADO.—No hay base para suspender un juicio, cuando la solicitud de suspensión se funda en la posibilidad de que existan otros testigos que los propuestos por el acusado y no se alega en ella motivo alguno que pueda dar justificación a tal posibilidad.

2. HOMICIDIO—JUICIO—INSTRUCCIONES—PROCESO POR ASESINATO—INSTRUCCIONES REFERENTES AL DELITO DE HOMICIDIO.—En un proceso por asesinato, no es necesario instruir al jurado referente al delito de homicidio cuando de la prueba claramente aparece que no se trata de dicho delito sino del de asesinato.

3. HOMICIDIO—JUICIO—INSTRUCCIONES—ASESINATO EN SEGUNDO GRADO—INSTRUC-

CIÓN EN CUANTO A LA PREMEDITACIÓN.—Al dar instrucciones referente al delito de asesinato en segundo grado, una corte no necesita instruir al jurado al efecto de que en dicho delito es necesaria la premeditación.

4. DERECHO PENAL—APELACIÓN Y ERROR, Y CERTIORARI—REVISIÓN—CUESTIONES DISCRECIONALES—NEGATIVA DE NUEVO JUICIO.—No procede revocar una negativa de nuevo juicio cuando el apelante no hace una asignación de errores por dicha negativa y menos aún cuando la petición de nuevo juicio se funda en los errores que alega contra la sentencia apelada, y considerados éstos, resultan improcedentes.

5. DERECHO PENAL—APELACIÓN Y ERROR, Y CERTIORARI—ASIGNACIÓN DE ERRORES —CONSIDERACIÓN DE ERRORES EN APELACIÓN.—No se considerará un error en apelación, cuando los hechos en que descansa no aparecen de la transcripción presentada.

SENTENCIA de *Angel Acosta,* J. (Mayagüez), condenando al acusado por delito de Asesinato en segundo grado. *Confirmada, así como la resolución negando nuevo juicio.*

*J. Alemañy Sosa,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

[1] El primer motivo de error que alega el apelante contra la sentencia que le condenó a cumplir la pena de quince años de presidio con trabajos forzados por el delito de asesinato en segundo grado es por haber negado la corte inferior su petición de que el juicio fuera suspendido para otra fecha.

El abogado del apelante fué nombrado por la corte para la defensa seis días antes del señalado para el juicio y al comenzar éste solicitó la suspensión exponiendo que el acusado vivía en un barrio distante y que por las muchas ocupaciones del letrado no había podido ir a dicho barrio para averiguar si habría personas que pudieran declarar en favor de su representado; que estuvo en la cárcel para ponerse a la voz con su defendido y solicitó de la corte que fuera citado cierto número de testigos: que al comparecer dichos testigos para el juicio tuvo una entrevista con ellos pero a pesar de ésta entendía que no estaba en condiciones para celebrar el juicio.

No vemos en esas manifestaciones motivos fundados para

que el juicio fuera suspendido pues la solicitud se basaba
únicamente en que pudieran haber otros testigos que los
propuestos por el acusado, sin alegarse motivo alguno que
pudiera dar justificación a tal posibilidad y en esas condicio-
nes el juicio no podía ser suspendido. En corroboración
de ·esto los hechos posteriores justificaron plenamente la
conducta de la corte inferior pues fueron examinados va-
rios testigos de la defensa y el conjunto de la prueba nos
convence de que declararon todas las personas que conocían
los hechos.

[2] El segundo motivo de ·error se funda en haberse ne-
gado la corte inferior a dar instrucciones al jurado respecto
a que podía dar un veredicto de homicidio.

Hemos dicho en varias ocasiones que cuando claramente
aparece demostrado por la prueba que no se trata de un de-
lito de homicidio sino de un asesinato, no tiene necesidad
el juez de dar instrucciones referentes al delito de homici-
dio. *El Pueblo* v. *Alméstico*, 18 D.P.R. 321: *El Pueblo* v.
*Lasalle*, 18 D.P.R. 422: *El Pueblo* v. *Matos*, 26 D.P.R. 586,
y *El Pueblo* v. *Mejías*, de diciembre 23, 1924 (33 D.P.R.).
Y la prueba en este caso lo que demuestra es que el ape-
lante encontró una noche a Monserrate Rosa dentro de un
hoyo que estaba cavando cerca del mar y le preguntó en
tono altanero qué hacía allí y al contestarle Rosa que no
hacía nada malo y que se dejara de guaperías, al salir del
hoyo fué en seguida herido junto a él por un tiro de esco-
peta que le disparó el apelante produciéndole la muerte, sin
que hubiera pendencia o arrebato de cólera justificado en el
apelante, por lo que la corte no cometió el error que se le
atribuye.

[3] El tercer error se refiere a que la corte no instruyó
al jurado que en el delito de asesinato en segundo grado es
necesaria la premeditación.

Si bien el asesinato es dar muerte ilegal a un ser hu-
mano con malicia premeditada, esa premeditación puede ser
de dos clases, expresa o tácita, siendo expresa cuando es

manifestada una deliberada intención de quitar la vida ilegalmente a un semejante, y tácita cuando no resulta notable provocación, o las circunstancias que concurren en el hecho demuestran un corazón pervertido y maligno; y todo asesinato perpetrado por medio de veneno, acecho o tortura, y toda clase de muerte alevosa, deliberada y premeditada, o cometida al perpetrarse o intentarse algún incendio de morada, violación, robo, escalamiento o mutilación, constituye asesinato de primer grado; siendo de segundo grado todos los demás. Artículos 199, 200 y 201 del Código Penal.

De acuerdo con esos preceptos en el delito de asesinato en segundo grado no es necesario que exista la premeditación, siendo bastante que la muerte se verifique sin resultar notable provocación o que las circunstancias concurrentes demuestren un corazón pervertido y maligno. La distinción entre los dos grados de ese delito está en que en el asesinato en primer grado la muerte tiene que ser deliberada y premeditada, a menos que haya sido cometido al ejecutar o intentar perpetrar un incendio, violación, robo, escalamiento o mutilación, mientras que en el asesinato en segundo grado la muerte no es deliberada ni premeditada. Es la muerte ilegal con malicia pero sin deliberación o premeditación. En el asesinato en primer grado la evidencia debe demostrar que ha habido la intención deliberada de quitar la vida, mientras que en el de segundo grado la premeditación no hay que probarla sino que se deduce de la forma en que ha ocurrido la muerte. California Jurisprudence, vol. 13, pág. 12.

El cuarto y último error se alega porque la corte instruyó al jurado que podía rendir veredicto de asesinato en primero o en segundo grados, cuando no existía prueba de premeditación y deliberación, pero la asignación de este error es consecuencia del alegado en tercer lugar y como hemos visto que éste no es procedente, tampoco lo es el cuarto.

[4, 5] También estableció apelación el acusado por no habérsele concedido el nuevo juicio que solicitó, pero el ape-

lante no ha hecho una asignación de errores por dicha ne-
gativa, aparte de que fundó su petición en los errores que
ha alegado contra la sentencia, con excepción de uno que
no podríamos considerar porque los hechos en que descansa
no aparecen de la transcripción que nos ha sido presentada,
por todo lo que no podemos revocar esa negativa.

*La resolución negando el nuevo juicio y la sentencia
deben ser confirmadas.*